# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:14-05010-CR-RK |
| | ) |
| STEVEN RAY COTTLE, JR., | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR RECONSIDERATION OF SUPERVISED RELEASE**

Before the Court is Defendant Steven Ray Cottle, Jr.'s motion for reconsideration of supervised release. (Doc. 66.) After careful consideration, and for the reasons set forth below, the motion is **DENIED**.

Defendant first argues that a lifetime of post-release supervision is an illegal sentence. This argument is without merit. Defendant was convicted of receipt and distribution of child pornography in violation of 18 U.S.C. §2252(a) and (b)(1). Such a conviction carries with it a maximum sentence of not more than 20 years, and a lifetime of supervised release. 18 U.S.C. § 2252(a) and (b)(1) (2016). Defendant was sentenced to 240 months with a lifetime of supervised release. The Eighth Circuit has held a sentence is not illegal, so as to be correctable at any time if the punishment meted out was not in excess of that prescribed by the relevant statute, multiple terms were not imposed for the same offense, or the terms of the sentence itself are not legally or constitutionally invalid in any other respect. *See United States v. Peltier*, 312 F.3d 938 (8th Cir. 2002). Thus, Defendant's sentence was not illegal, and Defendant's motion for reconsideration on this point will be denied.

Second, Defendant argues he was not afforded a jury trial. This, too, is without merit. Defendant pleaded guilty and made a knowing, voluntary, and informed decision to waive his right to a jury trial.

Third, Defendant argues his sentence is illegal in light of the Supreme Court's decision in *United States v. Haymond*, 588 U.S. —, 139 S.Ct. 2369 (2019). Since Cottle is utilizing the Supreme Court's decision in *Haymond*, it would appear that he is seeking relief under § 2255(f)(3). However, the Supreme Court did not make *Haymond* retroactively applicable; and even if it did,

the *Haymond* decision does not support Cottle's argument.  The Supreme Court did not hold specifically in *Haymond* that *Haymond* is retroactively applicable to cases on collateral review, nor did the Supreme Court issue a case or combination of cases that explicitly or implicitly would hold *Haymond* retroactive for § 2255 motions.  Further, *Haymond* does not concern supervised release conditions, but rather concerns a supervised release violation sentence.  Defendant has not been sentenced to a new supervised release violation sentence. Thus, *Haymond*'s rule is not applicable to Cottle's proposed claim.

Accordingly, and for the reasons set forth above and in the Government's brief, Defendant's motion for reconsideration (Doc. 66) is **DENIED**.

**IT IS SO ORDERED**.

        s/ Roseann A. Ketchmark
        ROSEANN A. KETCHMARK, JUDGE
        UNITED STATES DISTRICT COURT

DATED:  June 22, 2020